[No. 17793. Department Two. September 13, 1923.]

EDWARD B. LUNG, *as Receiver etc., Appellant,* v.
WASHINGTON GROCERY COMPANY,
*Respondent.*[1]

CORPORATIONS (207)—RECEIVERS (38)—INSOLVENCY—PREFERENCES
—REMEDIES OF RECEIVER—JUDGMENT—ENFORCEMENT AND COLLECTION.
In an action by a receiver to recover an unlawful preference by an
insolvent corporation, a money judgment should be awarded, free
from conditions depending upon uncertainties attending the out-
come of the receivership, and leaving its enforcement a free and open
matter subject to the control of the court.

CORPORATIONS (207)—INSOLVENCY—PREFERENCES—VALUE OF PROP-
ERTY—BURDEN OF PROOF—EVIDENCE—SUFFICIENCY. In an action by
a receiver to recover an unlawful preference by an insolvent corpora-
tion, the defendant has the burden of proving that the property it
took and held in trust for all the creditors was less than its divi-
dends upon its allowable claim.

Cross-appeals from a judgment of the superior
court for Whatcom county, Hardin, J., entered Octo-
ber 26, 1922, upon findings in favor of the plaintiff,
in an action by a receiver to recover the value of prop-
erty transferred by an insolvent debtor, tried to the
court. Reversed.

*Harmon & Keyes,* for appellant.

*R. W. Greene,* for respondent.

PARKER, J.—The plaintiff Lung, as receiver for the
Tacoma Rochdale Union, an insolvent mercantile cor-
poration of Tacoma, in Pierce county, having been
duly appointed as such receiver by the superior court
for that county, commenced this action in that county,
seeking recovery from the defendant, Washington Gro-
cery Company, a mercantile corporation of Belling-
ham, in Whatcom county, of a money judgment for

[1]Reported in 218 Pac. 207; 222 Pac. 902.

$2,500, alleged to be the value of certain store fixtures and appliances, including a motor delivery truck, taken over by the defendant from the Tacoma Rochdale Union after it had become insolvent, in part payment of its debt evidenced by its promissory note then held by the defendant. The theory upon which the plaintiff seeks recovery is, in substance, that the transfer was void in that it operated as a preference in favor of the defendant as a creditor of the insolvent Tacoma Rochdale Union. The theory upon which the defendant seeks avoidance of the claim of recovery made by the plaintiff is, in substance, that the property so taken over by it did not exceed $300 in value, and that, in any event, it would be entitled to dividends from the receivership in an amount exceeding the value of such property, upon the total amount owing to it by the Tacoma Rochdale Union. The cause was transferred for trial to the superior court of Whatcom county, that being the county of the residence of the defendant; and the trial being there had upon the merits, resulted in findings, conclusions, and judgment being made and rendered in favor of the plaintiff, awarding him recovery against the defendant in the sum of $560, found by the court to be the value of the property in question; the judgment providing, however, that no execution shall issue thereon until after settlement of the receivership to the extent of determining the total amount of dividends the defendant will be entitled to receive upon its claim against the Tacoma Rochdale Union as a credit upon the judgment. From this disposition of the cause, both parties have appealed to this court.

The controlling facts, as we view them, may be summarized as follows: On January 10, 1920, the defendant became the holder by assignment from the Coop-

erative. Wholesale Company of a promissory note for the principal sum of $2,500 which had been, on January 3, 1920, executed and delivered to it by the insolvent Tacoma Rochdale Union. This assignment was made as security for indebtedness owing to the defendant from the Cooperative Wholesale Company. For present purposes we may assume that the defendant's so acquired interest in the note was such that it was entitled to enforce payment from the Tacoma Rochdale Union of any unpaid balance due upon the note. At that time the Tacoma Rochdale Union was insolvent, though we may assume for present purposes that the defendant did not then know of such insolvency.

On July 22, 1920, the Tacoma Rochdale Union turned over to the defendant the store fixtures, appliances and delivery truck here in question in part payment of its note held by the defendant. At that time the Tacoma Rochdale Union was hopelessly insolvent. While the trial court found that the defendant did not then know of such insolvency, we are prone to believe otherwise. This, however, we think, is of no consequence in our present inquiry. Thereafter on August 16, 1920, the property and affairs of the Tacoma Rochdale Union, because of its adjudged insolvency, passed into the hands of the plaintiff as receiver, he being then appointed by the superior court for Pierce county for the purpose of winding up its business. At the time of the trial of this action in the superior court for Whatcom county, the receivership was still pending, and this record fails to show that the receivership had passed to that stage when it could be determined with any degree of certainty the amount of dividends that would be ultimately paid to its creditors. The trial court stated in its findings and conclusions:

"That on July 22nd, 1920, Tacoma Rochdale Union was insolvent and that on said date defendant corpo-

ration received property of the reasonable value of $560, which it applied upon its claim, and that the court is unable to find whether said sum was in excess of the ratable proportion that should have then been received by defendant corporation from all of the assets of Tacoma Rochdale Union as a creditor thereof."

It is contended in behalf of the plaintiff that the evidence calls for a finding of a larger amount as the value of the property taken over from the insolvent Tacoma Rochdale Union by the defendant, and a larger award accordingly in his favor as against the defendant. We deem it sufficient to say that, after a review of the evidence, we cannot see our way clear to hold that it preponderates against the trial court's finding and conclusion upon this question of fact.

It is further contended in behalf of the plaintiff that the judgment rendered by the trial court is erroneous and prejudicial to his rights as receiver, in so far as its enforcement and collection are restricted by the conditions embodied therein. Following the formal recitals and the awarding of recovery in favor of the plaintiff and against the defendant in the sum of $560, in the usual language of a money judgment, it reads:

"Upon the express terms and conditions that plaintiff's final account as receiver for Tacoma Rochdale Union, a corporation, in an action pending in Pierce county, Washington, shall show a claim allowed by said plaintiff in such action in favor of defendant Washington Grocery Company in the amount of $2,-500 with interest at 7% since January 3rd, 1920, on account of a note originally executed to Cooperative Wholesale Company, less any payments or credits on said note, made by said Cooperative Wholesale Company, as a liability and the claim of the plaintiff receiver herein of $560 against defendant Washington Grocery Co. as an asset, and further conditioned that no execution shall be issued on this judgment until

any dividend shall have been declared in said Pierce county action, and then for only such amount, if any, as shall be in excess of said sum of $560 over the amount of the dividend receivable by defendant corporation upon its said claim of $2,500 and interest at 7% since January 3rd, 1920, or in the event that there shall be no dividend in said receivership action.''

In view of the uncertainties attending the outcome of the receivership, as viewed from the record made in this action, we think this contention made in the plaintiff's behalf must be sustained, and that the plaintiff is entitled to a plain money judgment in the sum of $560 and interest from July 22, 1920, against the defendant, leaving its enforcement and collection an open matter; that is, leaving to the plaintiff the right to enforce its collection by process of the court wherein it is rendered, unless the court having jurisdiction over the receivership property shall otherwise direct its satisfaction, in whole or in part. While the latter, we think, is a matter which the court having jurisdiction over the receivership may properly consider and direct the action of its receiver with reference thereto, in the light of the conditions of the receivership, it is not a matter, we think, under the circumstances here shown, to be considered by the trial court in this action. Counsel for the defendant cites our decision in *Williams v. Davidson,* 104 Wash. 315, 176 Pac. 334, in support of his contention that the judgment is properly conditioned as to its enforcement. In that case, while the defendant took over from the insolvent corporation some $15,000 worth of property and satisfied, as she thought, all of the creditors of the corporation, she was, at the suit of the trustee in bankruptcy of the corporation, held liable to him under our trust fund doctrine, only in a much smaller amount equalling an amount sufficient to proportionately satisfy the unpaid

creditors of the insolvent corporation, which amount so due from her to the trustee in bankruptcy for that purpose was clearly ascertainable in the action in which the judgment was rendered. We have no such condition here. We conclude that all of the above quoted language of the judgment should be stricken therefrom and to that extent the judgment reversed, but that it should, as a plain money judgment, be affirmed.

It is contended by counsel for the defendant, upon its appeal, that no judgment should have been rendered against it, because it was not affirmatively proven upon the trial that the value of the property it took over from the insolvent Tacoma Rochdale Union exceeded what it would at all events have been entitled to as dividends upon its allowable claim against the receivership property. This argument proceeds upon the theory that the burden of proof touching this question was upon the plaintiff. We do not think such burden of proof was upon the plaintiff, but that defendant, having received a portion of the property held in trust for the benefit of all of the creditors of the Tacoma Rochdale Union when that corporation was clearly insolvent, had the burden of proving that by such receiving of a portion of the trust property it did not receive an undue proportion of the property towards the satisfaction of its claim. It seems clear to us that the defendant did not make such proof as was so required of it to avoid its liability to the receiver.

The judgment is reversed in so far as it embodies the language above quoted therefrom restricting the manner of its enforcement and collection. The cause is remanded to the superior court with direction to correct the judgment accordingly. The plaintiff and

appellant Lung as receiver will recover his costs incurred in this court.

MAIN, C. J., TOLMAN, PEMBERTON, and FULLERTON, JJ., concur.

## ON REHEARING.

[*En Banc.* February 16, 1924.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court concur in the result reached heretofore by a Department of the court, and the judgment is therefore reversed, and the cause remanded in accordance with the Departmental opinion.